UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE M. TREWORGY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket No. 1:14-cv-00097-GZS |
| | ) |
| MARY C. MAYHEW, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON ALL PENDING MOTIONS**

Before the Court is the November 12, 2014 Recommended Decision (ECF No. 23), which recommends that this Court grant in part and deny in part both the Motion to Dismiss by Defendants Penobscot County Commissioners and Susan Almy (ECF No. 8) and the Motion to Dismiss by Defendant Mary Mayhew (ECF No. 11). Additionally, the Court has before it the October 15, 2014 Order to Show Cause (ECF No. 20) as well as the Response and Motion to Extend Time for Service on Jodi Ingraham (ECF No. 22).

With respect to the Recommended Decision, Defendant Mary C. Mayhew filed her Objection to the Recommended Decision (ECF No. 25) on December 1, 2014. Defendant Susan Almy also filed her Objection to the Recommended Decision (ECF No. 26) on December 1, 2014. Plaintiffs then filed their Response to Defendant Mayhew's Objection to the Recommended Decision (ECF No. 27) and their Response to Defendant Almy's Objection to the Recommended Decision (ECF No. 28) on December 18, 2014. This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. Following that review, the Recommended Decision is AFFIRMED IN PART in that the Court

concurs with the recommendation that the following claims be dismissed: Count V (18-A M.R.S.A. § 5-801 – Uniform Health Care Decisions Act); Count VI (42 U.S.C. § 1983 – Custom or Policy); as well as Counts I-IV (42 U.S.C. § 1983) and Count VII (Maine State Constitution) as to the County Commissioner Defendants and Defendant Mayhew in an individual capacity. The Court notes that no objections were filed regarding these portions of the Recommended Decision and the Court concurs with the recommendation to dismiss these claims for the reasons stated in the Recommended Decision. (See Rec. Dec. at 1-11; 12-16.)

The Recommended Decision also concluded that Plaintiffs could state a claim under 42 U.S.C. § 1983 (Counts I-IV) and the Maine State Constitution (Count VII) against Defendant Almy, in her official capacity, and, to the extent Plaintiffs were seeking expungement of records, could seek prospective injunctive relief against Defendant Mayhew on these same causes of action. (See Recommended Decision at 11-12 & 16-19.) Upon this Court's *de novo* review, the Court disagrees with this portion of the Recommended Decision. Rather, the Court concludes that Plaintiffs have failed to state any claim against Commissioner Mayhew or Register Almy.

**A. Claims Against Defendant Mayhew**

With respect to the claims stated against Defendant Mayhew in her official capacity, the Recommended Decision rightfully acknowledges that generally there must be "'continuing, present adverse effects'" in order to state an official capacity claim for prospective injunctive relief under 42 U.S.C. § 1983. (Rec. Dec. at 10 (*quoting* O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). As noted in the Recommended Decision, this Court previously allowed former University of Maine students to state a claim for prospective injunctive relief under 42 U.S.C. § 1983 when the relief requested was expungement of adverse disciplinary actions from a University record. See Gomes v. University of Maine Sys., 304 F. Supp. 2d 117, (D. Me. 2004). Citing Gomes, the

2

Recommended Decision states that the Plaintiffs can state a prospective claim for expungement of the records that made Mr. Treworgy a "ward of the State" because this designation has "an ongoing effect on the perception of Mr. Treworgy, his estate and his family." (Rec. Dec. at 11-12 & n.5.) The Court disagrees with this conclusion.

In the Court's assessment, Plaintiffs' First Amended Complaint does not satisfy the "stigma plus" requirement as laid out by the First Circuit in Mead v. Independence Ass'n, 684 F.3d 226 (1st Cir. 2012) and URI Student Senate v. Town Of Narragansett, 631 F.3d 1 (1st Cir. 2011). Mead, 684 F.3d at 236 (holding that DHHS employees "were not constitutionally required to provide [plaintiff] with a name-clearing hearing or other form of process"); URI Student Senate, 631 F.3d at 9 ("[W]hen a person alleges that she has suffered stigmatization at the hands of a government actor, she must show an adverse effect on some interest 'more tangible' than reputational harm. To use the popular catch phrase, the complaining party must satisfy a 'stigma plus' standard.") (internal citation omitted). To satisfy "stigma plus," one or more Plaintiffs must plausibly allege that both the stigma and the other tangible "plus" effect of the alleged constitutional violation are directly attributable to the named governmental defendant. See URI Student Senate, 631 F.3d at 10 (citing Hawkins v. R.I. Lottery Comm'n, 238 F.3d 112, 116 (1st Cir. 2001). In this case, Mr. Treworgy's guardianship and the 'tangible' effects it had on his rights, as well as the other Plaintiffs' rights to familial association, cannot be directly attributable to Defendant Mayhew. Rather, they were the result of the Probate Court's decision to place Mr. Treworgy under public guardianship. The fact remains that any prospective injunction by this Court directing Defendant Mayhew, in her official capacity, to expunge the records related to Mr. Treworgy's guardianship proceedings would not necessarily result in the expungement of these

records to the extent that the records are held by the Probate Court. Rather, the Probate Court, exercising its own judicial power, could decide not to expunge the records.

Additionally, to satisfy this "stigma plus" requirement on a claim seeking only prospective injunctive relief, it stands to reason that the prospective injunctive relief must not only address the stigma or reputational harm. Rather, Plaintiffs must be able to allege that the "stigma" *and* the "plus" factor are ongoing such that any injunctive relief will address both. The Court recognizes that Mr. Treworgy, his wife and son had liberty interests that were impacted by the actions allegedly taken by Commissioner Mayhew in her official role a public guardian between approximately September 28, 2011 and October 29, 2011, which might serve as a "plus factor" for purposes of satisfying the "stigma plus" requirement. However, these interests would not be addressed by any prospective injunctive relief that this Court might order against Defendant Mayhew. When the prospective injunctive relief sought addresses only the reputational harm, Plaintiffs simply cannot state a proper "stigma plus" claim. Therefore, the Court finds Plaintiffs cannot state a claim for prospective injunctive relief with respect to their request to expunge or modify public records that put Paul Treworgy under public guardianship for a month prior to his death.[1]

Thus, the Court finds that Plaintiffs have failed to state any federal claim against Defendant Mayhew in her official capacity. Plaintiffs' have acknowledged that "the disposition of their 42 U.S.C. § 1983 claims will control claims asserted under [Count VII]." (Pls. Response at 5.) As a result, the Court concludes that all claims against Defendant Mayhew are subject to dismissal.

---

[1] In light of this conclusion the Court need not address Defendant Mayhew's alternative objection regarding the Rooker-Feldman doctrine that Defendant mentioned only in a footnote in her initial Motion to Dismiss and developed more fully in her Objection to the Recommended Decision. See Def. Mot. to Dismiss (ECF No. 11) at 8 n.7; Def. Objection to Rec. Dec. (ECF No. 25) at 8-10. However, the Court notes that the doctrine at a minimum could apply to bar Plaintiffs' attempt to obtain documents as a remedy in this case when it appears they sought these documents via state court action and lost. See October 31, 2013 Order in Re: Paul F. Treworgy (ECF No. 11-1).

### B. Claims Against Defendant Almy

The Court assumes without deciding that Defendant Almy, as the elected register of probate, is a municipal officer for purposes of § 1983 analysis. (See Rec. Dec. at 17 (noting that this is the position maintained by the County Defendants)); see also 30-A M.R.S.A. § 1(2). As a result, Plaintiffs must state a plausible claim that the constitutional violations they claim against this Defendant are attributable to a municipal policy or custom. Plaintiffs' First Amended Complaint alleges the following custom or practices by "Penobscot County": (1) "denying Maine citizens substantive and procedural due process;" (2) "scheduling 'emergency' public guardianship/conservator hearings without notice" and "scheduling 'emergency hearings' on behalf of the Department when it knows or should know no emergency exists, and then fail[ing] to expedite hearings after liberty and property interests are taken without notice;" (3) "intentionally depriv[ing] Maine citizens like Jane and John adequate notice or a meaningful opportunity to be heard before property and/or liberty interests are taken away and discriminat[ing] against parties subject to the Department's petitions for appointment of temporary guardianship;" (4) "fail[ing] to make a record of proceedings that result in the deprivation of life, liberty and property;" (5) "fail[ing] to provide notice of the right to appeal from decisions that result in the deprivation of life, liberty and property interests;" (6) "denying litigants access to legal representation." (First Am. Compl. ¶¶ 92-97.)

While Plaintiffs plausibly allege that the just-listed failures and deprivations occurred in the context of the Penobscot County Probate Court case of *Re: Paul F. Treworgy*, Docket No. 2011-625-1, there is nothing in the current Complaint that alleges these same failures and deprivations have occurred in other cases beyond the conclusory paragraphs stating the these are

"customs and/or practices" of Penobscot County.  As a result, the Court concludes that Plaintiffs' Complaint fails to state a sufficiently plausible claim for municipal liability based on a custom of Penobscot County.  See, e.g., Nelson v. D.C., 928 F. Supp. 2d 210, 216 (D.D.C. 2013) (dismissing a municipal liability claim upon finding only conclusory allegations about the existence of a policy or custom); Comeau v. Town of Webster, 881 F. Supp. 2d 177, 187 (D. Mass. 2012) (dismissing a municipal liability claim when complaint contains only "formulaic allegation" regarding policies and customs).

Even assuming the Complaint met the plausibility standard regarding the customs and practices of the Penobscot County Register of Probate, these practices are generally governed by state law as well as the Maine Rules of Probate Procedure.  See, e.g., 4 M.R.S.A. § 751; 18-A M.R.S.A. §§ 5-309, 5-310-A; Maine Rule of Probate Procedure 41.  By all accounts, the complained-of actions by Defendant Almy complied with these state-generated laws and rules as well as the decisions made by the Probate Judge assigned to the matter.  To the extent the actions taken by Defendant Almy were in compliance with the orders and directions of the Probate Court as well as in accordance with the applicable state laws, there is simply no plausible claim for municipal liability.  See Slaven v. Engstrom, 848 F. Supp. 2d 994, 1002-06 (D. Minn. 2012), *aff'd*, 710 F.3d 772 (8th Cir. 2013) (finding that due process failures in child protection proceedings could not form the basis for a municipal liability claim against the county given judicial immunity and governing state law).  Likewise, given the role of the Probate Court and the applicable state laws, none of the alleged customs can plausibly be the "the cause and moving force behind the deprivation" of due process Plaintiffs have alleged.  Bisbal-Ramos v. City of Mayaguez, 467 F.3d 16, 24 (1st Cir. 2006).  Therefore, the Court concludes that all of Plaintiffs' claims against Defendant Almy are subject to dismissal.

For the reasons just stated, the Court upon *de novo* review hereby GRANTS both the Motion to Dismiss (ECF No. 11) of Defendant Mary Mayhew and the Motion to Dismiss (ECF No. 8) of the County Defendants.

Additionally, the Court concludes Plaintiffs' Response to the Court's October 15, 2014 Order to Show Cause (ECF No. 21) failed to show good cause for Plaintiffs' failure to timely serve Defendant Jodi Ingraham and, therefore, DENIES the Plaintiffs' Motion to Extend Time for Service on Defendant Jodi Ingraham (ECF No. 22) and DISMISSES the claims against this Defendant WITHOUT PREJUDICE.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 10th day of February, 2015.